### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-06-136-M |
| ) | |
| MICHAEL DEWAYNE MAYTUBBY, ) | |
| DEONNA SHONTAY BROOKS, ) | |
| RONNIE KASHAWN DODDLES, and ) | |
| JAMES LEE EDWARDS, JR., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendant Deonna Shontay Brooks' ("Brooks") Motion for Severance, filed July 13, 2006. On July 26, 2006, the government filed its response.

Defendants Michael Dewayne Maytubby ("Maytubby"), Brooks, Ronnie Kashawn Doddles ("Doddles"), and James Lee Edwards ("Edwards") were indicted in an eleven count indictment. Count 1 charges Maytubby, Brooks, Doddles, and Edwards with conspiracy to distribute and to possess with intent to distribute crack cocaine, powder cocaine, marijuana, and ecstasy. Count 2 charges Maytubby and Brooks with maintaining a residence for purposes of distributing narcotics. Counts 3 through 5 charge Maytubby with various drug and firearm offenses, and Counts 6 through 11 charge Maytubby, Brooks, Doddles, and Edwards with various drug and firearm offenses.

Brooks now moves the Court to sever her case and to try her separately from her co-defendants. Brooks asserts that severance is required because a joint trial would prevent the jury from giving individual consideration to her case and that the spillover prejudice to her will be significant in a joint trial. Brooks also asserts that severance is required because there is a distinct possibility that mutually antagonistic defenses will be raised. Finally, Brooks asserts that severance

is required because the government's use of co-defendant hearsay statements will result in the violation of her Sixth Amendment right to confrontation.

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Generally, persons indicted together are tried jointly. *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985). "The defendant has the burden of clearly showing prejudice would result from a joint trial. . . . [she] must affirmatively show that a joint trial abridges [her] right to a fair trial." *United States v. Troutman*, 814 F.2d 1428, 1447 (10th Cir. 1987) (internal citations omitted). "Merely asserting a heightened chance of acquittal or the negative spillover effect of evidence against a co-defendant is insufficient to warrant a severance." *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (internal citation omitted). "[A]bsent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts." *United States v. Flanagan*, 34 F.3d 949, 952 (10th Cir. 1994) (internal quotations and citations omitted).

Upon review of the parties' submissions and the circumstances involved in the case at bar,

the Court finds that Brooks has not shown that her potential defense is mutually antagonistic to that of her co-defendants; specifically, the Court finds that the culpability and involvement of Brooks' co-defendants will not preclude her from asserting her defense.  Additionally, having conducted a *James*[1] hearing and issued an order regarding the statements the government seeks to admit, the Court finds that Brooks' Sixth Amendment right to confrontation will not be violated by the government's use of co-defendant hearsay statements.

Finally, while the Court finds that Brooks has not met her burden of clearly showing that prejudice would result from a joint trial with Maytubby, the Court finds that Brooks and Maytubby would be greatly prejudiced from being tried with Doddles and Edwards.  Maytubby and Brooks each filed a motion to suppress the fruits of a search conducted on July 6, 2005.  After conducting a hearing on these motions, the Court granted Maytubby and Brooks' motions to suppress.  Doddles and Edwards, however, do not have standing to contest the July 6, 2005 search, and, accordingly, the evidence from the July 6, 2005 search will be admissible against them.  The Court, therefore, finds that the trial of Maytubby and Brooks should be severed from the trial of Doddles and Edwards.

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

Accordingly, for the reasons set forth above, the Court GRANTS Brooks' Motion for Severance [docket no. 79] as follows: the joint trial of Maytubby and Brooks shall be severed from the joint trial of Doddles and Edwards.

**IT IS SO ORDERED this 26th day of September, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE