**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-136-M |
| | ) | |
| MICHAEL DEWAYNE MAYTUBBY, | ) | |
| DEONNA SHONTAY BROOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On July 13, 2006, defendant Deonna Shontay Brooks ("Brooks") filed a Request for *James*[1]

Hearing [docket no. 76].  On July 26, 2006, the government filed its response, and on September 1,

2006, the government filed its Memorandum Listing Statements Admissible Pursuant to Federal

Rule of Evidence 801(d)(2)(E).[2]  On September 5, 2006, the Court conducted a *James* hearing in this

matter.[3]

At the hearing, Karen Hess, a Special Agent for the Bureau of Alcohol, Tobacco, Firearms,

and Explosives testified.[4]  Agent Hess testified regarding the nature of the alleged conspiracy

between co-defendants Brooks, Maytubby, Ronnie Kashawn Doddles ("Doddles"), and James Lee

Edwards ("Edwards"), the nature of the alleged related conspiracy between Currie Jermaine Hughes

("Hughes"), Starr Lashay Anderson ("Anderson"), and Keith Kendale Thompson ("Thompson"),

---

[1]*United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[2]When addressing the statements at issue in this Order, the Court will refer to each statement by reference to its number in the government's memorandum.

[3]At the hearing, defendant Michael Dewayne Maytubby's ("Maytubby") counsel made an untimely oral motion for a *James* hearing, which the Court granted.

[4]The Court finds that Agent Hess is a credible witness.

and the nature of the alleged overarching conspiracy between Brooks, Maytubby, Doddles, Edwards, Hughes, Anderson, and Thompson.  Agent Hess further testified the alleged conspiracy between Brooks, Maytubby, Doddles, and Edwards began June 1, 2004 and ended July 6, 2005.

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides, in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if –
>
> \*       \*       \*
>
> (2) Admission by party-opponent.  The statement is offered against a party and is . . .
>> (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2)(E).  Rule 801(d)(2)(E) allows for the admissibility of coconspirator statements only if "the trial court finds the following elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy." *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997).

"In making its preliminary factual determination as to whether a conspiracy exists, the court may consider the hearsay statement sought to be admitted, along with independent evidence tending to establish the conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (internal citations omitted).  "[T]here need only be some independent evidence linking the defendant to the conspiracy." *Id.* (internal quotations and citations omitted).  "Such independent evidence may be sufficient even when it is not 'substantial.'" *Id.* (internal citation omitted).  Independent evidence has been defined as evidence other than the proffered coconspirator statements themselves.  *Id.*

"[A] declaration made after the termination of the conspiracy does not fall within [Rule 801(d)(2)(E)]." *United States v. Silverstein*, 737 F.2d 864, 867 (10th Cir. 1984).  "Generally, a conspiracy terminates when its central criminal purposes have been attained." *United States v.*

*Mayes*, 917 F.2d 457, 464 (10th Cir. 1990) (internal quotations and citations omitted).  Further, "[t]he duration of a conspiracy does not extend to attempts to conceal the crime." *Silverstein*, 737 F.2d at 867 (internal citations omitted).

"No talismanic formula exists for ascertaining whether a particular statement was intended by the declarant to further the conspiracy . . . .  To the contrary, this determination must be made by examining the context in which the challenged statement was made." *United States v. Perez*, 989 F.2d 1574, 1578-79 (10th Cir. 1993) (internal citations omitted).  "In general, mere narratives, between coconspirators or narrative declarations of past events are not 'in furtherance,' while statements of future intent that set transactions integral to the conspiracy in motion and maintain the information flow among coconspirators meet the 'in furtherance' requirement." *United States v. Roberts*, 14 F.3d 502, 514-15 (10th Cir. 1993).  Statements identifying other members of the conspiracy, statements describing their roles in the conspiracy, statements discussing the particular roles of other coconspirators, statements made to induce enlistment or further participation in the group's activities, statements made to prompt further action on the part of the conspirators, statements made to reassure members of a conspiracy's continued existence, statements designed to allay the fears and suspicions of another coconspirator, and statements made to keep coconspirators abreast of an ongoing conspiracy's activities are all "in furtherance of" the conspiracy.  *See United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir. 1995); *United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995); *Roberts*, 14 F.3d at 515; *Perez*, 989 F.2d at 1578.

Having heard the evidence and arguments presented at the *James* hearing, the Court finds, by a preponderance of the evidence, that a conspiracy existed, that Brooks, Maytubby, Doddles, Edwards, Hughes, Anderson, and Thompson were members of the conspiracy, and that the

conspiracy began on June1, 2004 and ended on July 6, 2005.

Regarding the specific statements at issue, the Court finds as follows:

1.      The Court finds that the government has not shown by a preponderance of the evidence that the declarant, Benito Bowie, Jr., was a member of the conspiracy.  Accordingly, the Court finds that statement no. 1 is not admissible.

2.      The Court finds that statement no. 2 is a narrative declaration of past events and, therefore, was not made in furtherance of the conspiracy.  The Court further finds that the narrative nature of this statement is particularly apparent in light of the fact it was made to Felcia Jarvis, the mother of Doddle's baby.  Accordingly, the Court finds that statement no. 2 is not admissible under Rule 801(d)(2)(E).[5]

3.      The Court finds that statement no. 3 was made in the course of and in furtherance of the conspiracy.  Accordingly, the Court finds that statement no. 3 is admissible under Rule 801(d)(2)(E).

4.      At the hearing, Agent Hess testified that statement no. 4 was made after July 6, 2005. As set forth above, the conspiracy ended on July 6, 2005.  Accordingly, the Court finds that statement no. 4 was not made in the course of the conspiracy.  The Court, therefore, finds that statement no. 4 is not admissible.

5.      The Court finds that statement no. 5 was made in the course of and in furtherance of the conspiracy.  Accordingly, the Court finds that statement no. 5 is admissible under Rule 801(d)(2)(E).

---

[5]The Court would note that whether this statement is admissible against Doddles as an admission under Rule 801(d)(2)(A) is not before the Court at this time.  The Court will address the admissibility of this statement as an admission at the appropriate time during trial.

6.      The Court finds that statement no. 6 was made in the course of and in furtherance of the conspiracy.   Accordingly, the Court finds that statement no. 6 is admissible under Rule 801(d)(2)(E).

7.      The Court finds that statement no. 7 was made in the course of and in furtherance of the conspiracy.   Accordingly, the Court finds that statement no. 7 is admissible under Rule 801(d)(2)(E).

8.      The Court finds that statement no. 8 was made in the course of and in furtherance of the conspiracy.   Accordingly, the Court finds that statement no. 8 is admissible under Rule 801(d)(2)(E).

9.      The Court finds that statement no. 9 is a narrative declaration of past events and, therefore, was not made in furtherance of the conspiracy.   Accordingly, the Court finds that statement no. 9 is not admissible under Rule 801(d)(2)(E).[6]

10.      The Court finds that statement no. 10 was made in the course of and in furtherance of the conspiracy.   Accordingly, the Court finds that statement no. 10 is admissible under Rule 801(d)(2)(E).

11.      Statement No. 11 was made on November 21, 2005.   As set forth above, the conspiracy ended on July 6, 2005.   Accordingly, the Court finds that statement no. 11 was not made in the course of the conspiracy.   The Court, therefore, finds that statement no. 11 is not admissible under Rule 801(d)(2)(E).   The Court, however, finds that statement no. 11 is an admission of Brooks and Maytubby and would be admissible under Rule 801(d)(2)(A), but the Court reserves any ruling

---

[6]The Court would note that whether this statement is admissible against Doddles as an admission under Rule 801(d)(2)(A) is not before the Court at this time.   The Court will address the admissibility of this statement as an admission at the appropriate time during trial.

regarding the relevancy of statement no. 11 until trial.

12.     Statement No. 12 was made on April 18, 2006.  As set forth above, the conspiracy ended on July 6, 2005.  Accordingly, the Court finds that statement no. 12 was not made in the course of the conspiracy.  The Court, therefore, finds that statement no. 12 is not admissible under Rule 801(d)(2)(E).  The Court further finds that statement no. 12 is not an admission by Brooks and is not admissible under Rule 801(d)(2)(A).

13.     Statement No. 13 was made on April 18, 2006.  As set forth above, the conspiracy ended on July 6, 2005.  Accordingly, the Court finds that statement no. 13 was not made in the course of the conspiracy.  The Court, therefore, finds that statement no. 13 is not admissible under Rule 801(d)(2)(E).  The Court, however, finds that statement no. 13 is an admission of Brooks and would be admissible under Rule 801(d)(2)(A), but the Court reserves any ruling regarding the relevancy of statement no. 13 until trial.

14.     Statement No. 14 was made sometime after July 6, 2005.  As set forth above, the conspiracy ended on July 6, 2005.  Accordingly, the Court finds that statement no. 14 was not made in the course of the conspiracy.  The Court, therefore, finds that statement no. 14 is not admissible under Rule 801(d)(2)(E).  The Court further finds that statement no. 14 is not an admission by Brooks and is not admissible under Rule 801(d)(2)(A).

**IT IS SO ORDERED this 26th day of September, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE